UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Lawrence Majewski<br><br>DEBTOR(S) | CASE NO: 25-00204<br><br>CHAPTER: 13<br><br>NOTICE OF HEARING |

NOTICE OF MOTION FOR RELIEF FROM STAY
AND FOR *IN REM* RELIEF

OneMain Financial Group, LLC has filed papers with the court to [relief sought in motion or objection].

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to [relief sought in motion or objection], or if you want the court to consider your views on the Motion for Relief from Stay then within (14) days of service of this notice, you or your attorney must:

File with the court a written response, return, or objection at:

   1100 Laurel Street
   Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

   Siobhan Grant, Esq.
   HINSHAW & CULBERTSON LLP
   2811 Ponce de Leon Blvd.
   Suite 1000, 10th Floor
   Coral Gables, FL 33134

Attend the hearing scheduled to be heard on February 12, 2025, at 11:00 a.m. at the United States Bankruptcy Court, King and Queen Building, 145 King Street, Room 225, Charleston, SC 29401.

- 1 -

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief prior to the scheduled hearing date, if determined to be appropriate.

/s/ *Siobhan Grant*
Siobhan Grant (I.D. 14044)
HINSHAW & CULBERTSON LLP
2811 Ponce de Leon Blvd.
Suite 1000, 10th Floor
Coral Gables, FL 33134
305-428-5118
305-577-1063  (facsimile)
sgrant@hinshawlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA (CHARLESTON)

| | |
|---|---|
| Lawrence Majewski,<br><br>        Debtor. | Chapter 13<br>Case No. 25-00204 |

## CERTIFICATE OF SERVICE

I, Siobhan Grant, do hereby certify that on January 27, 2025, I filed through the Court's ECF system **Notice of Motion for Relief from Stay and for *in Rem* Relief.** A copy was served through the Court's ECF system on registered participating as identified on the Notice of Electronic filing (NEF) and on the attached service list by mailing a copy of same by First Class mail, postage prepaid.

Respectfully submitted,

One Main Financial Group, LLC

By: Its Attorneys

/s/ *Siobhan Grant*
Siobhan Grant (I.D. 14044)
HINSHAW & CULBERTSON LLP
2811 Ponce de Leon Blvd.
Suite 1000, 10th Floor
Coral Gables, FL 33134
305-428-5118
305-577-1063  (facsimile)
sgrant@hinshawlaw.com

Dated: January 27, 2025

```
Label Matrix for local noticing        J. Bratten Davis United States         James M. Wyman
0420-2                                  Bankruptcy Courthouse                  PO Box 997
Case 25-00204-jd                        1100 Laurel Street                     Mount Pleasant, SC 29465-0997
District of South Carolina              Columbia, SC 29201-2423
Charleston
Fri Jan 24 10:55:58 EST 2025

Lawrence Majewski                       US Trustee's Office
2090 Country Manor Dr.                  Strom Thurmond Federal Building
Mt. Pleasant, SC 29466-7411             1835 Assembly Street
                                        Suite 953
                                        Columbia, SC 29201-2448
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Sps Financial                        End of Label Matrix
                                        Mailable recipients    4
                                        Bypassed recipients    1
                                        Total                  5
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA (CHARLESTON)

| | |
|---|---|
| Lawrence Majewski,<br><br>    Debtor. | Chapter 13<br>Case No. 25-00204 |

# ONEMAIN FINANCIAL GROUP, LLC'S MOTION FOR RELIEF FROM STAY AND FOR *IN REM* RELIEF

  OneMain Financial Group, LLC ("OMFG") requests relief from the Automatic Stay in accordance with 11 U.S.C. §§ 362(d)(1) and 362(d)(4)(B) of the United States Bankruptcy Code to enforce any and all applicable rights and remedies against Lawrence Majewski, a/k/a Larry Majewski (the "Debtor"), including but not limited to foreclosure sale on mortgaged property located at 75 Pope Street, Newport, Rhode Island (the "Property"). In light of the extraordinary circumstances of this case, OMFG requests that this Court's order include *in rem* relief pursuant to 11 U.S.C. § 362(d)(4) so that relief from stay binds any other case under Title 11, United States Code, that affects the Property for 2 years. As grounds for this Motion, OMFG submits the following:

  1.  This is a proceeding for relief from the automatic stay pursuant to 11 U.S.C. § 362 and Fed. R. Civ. P. 4001. This Court has jurisdiction over the proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(G). This matter relates to a petition under Title 11 of the Code. This is a "core" proceeding as this term is defined in the Code.

  2.  The Debtor is an owner and mortgagor of the Property. The Property is encumbered by a first mortgage given by the Debtor and Shannon Majewski to American General Financial Services, Inc. ("American General"). The Mortgage is dated September 24, 2004 and is recorded in the Land Evidence Records for the City of Newport at Book 1544, Page 1. Since 2014, the

Mortgage has been in default by reason of the Debtor's failure to pay the monthly principal, interest and fees. A copy of the Mortgage is attached hereto as *Exhibit A*.

3. The Mortgage secures payment of a Home Equity Line of Credit given to the Debtor and Shannon Majewski by American General with a credit line of $320,000 (the "Account"). OMFG, or its custodian and/or agent, as of the date hereof, is the current owner the Account. OMFG is the entity entitled to enforce the Debtor's default on the Account. A copy of the Account agreement is attached hereto as *Exhibit B*.

4. As stated above, the Mortgage was originally given to American General. American General changed its name to Springleaf Financial Services, Inc. ("Springleaf") in March of 2011. In October of 2016, Springleaf changed its name to One Main Financial Services, Inc. ("OMFS") In October of 2018, OMFS merged with OMFG. By operation of name change and merger, OMFG is the current holder of the Mortgage. An assignment of the Mortgage to OMFG was recorded in the Land Evidence Records for the City of Newport at Book 3182, Page 204, a copy of which is attached hereto as *Exhibit C*. In addition, the Rhode Island Superior Court has issued an order granting OMFG's substitution as the plaintiff seeking judicial foreclosure in *One Main Financial Services, Inc. v. Larry J. Majewski, Shannon Majewski, et al.*, C.A. No. NC-2017-0379. A copy of the order granting substitution is attached hereto as *Exhibit D*.

5. The Newport Superior Court, in *One Main Financial Services, Inc. v. Larry J Majewski, Shannon Majewski, et al*., C.A. No. NC-2017-0379, has authorized OMFG to proceed with a foreclosure sale based on undisputed facts demonstrate default, failure to cure, ownership of the mortgage and compliance with Rhode Island law in the pursuit of foreclosure. A copy of the order allowing foreclosure sale of the Property is attached hereto as *Exhibit E*.

6. The Debtor and Shannon Majewski, the Debtor's co-mortgagor, co-borrower and spouse, have previously filed 6 bankruptcy petitions in the Rhode Island federal court. All of the petitions were filed at a time when the Account was in default and the Mortgage was in breach and subject to foreclosure. These bankruptcy petitions were specifically filed to obtain an automatic stay so that OMFG was required to cancel a scheduled foreclosure sale of the Property. All six prior filed bankruptcy petitions were administratively dismissed once a foreclosure sale of the Property was cancelled and because the Debtor and Ms. Majewski did not submit any documents to the bankruptcy court.

    a.    On May 1, 2019, Ms. Majewski filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island, 1:19-bk-10718. A copy of the docket is attached here to as *Exhibit F*. Because of this filing, a foreclosure sale scheduled for May 2, 2019 was cancelled. The petition was dismissed by the bankruptcy court on July 8, 2019 after OMFS filed an objection to Ms. Majewski's Chapter 13 plan.

    b.    On October 3, 2019, Ms. Majewski filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island, 1:19-11556. A copy of the docket is attached hereto as *Exhibit G*. Because of this filing, a foreclosure sale scheduled for October 7, 2019 was cancelled. The petition was dismissed by the bankruptcy court on October 17, 2019 because Ms. Majewski did not file required pleadings and schedules to obtain a Chapter 7 discharge.

    c.    In December of 2019, the Debtor filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island, 1:19-bk-11951. A copy of the docket is attached hereto as *Exhibit H*. The bankruptcy was filed in order to stay sale of the Property after the Newport Superior Court granted summary judgment in

3

*One Main Financial Services, Inc. v. Larry J Majewski, Shannon Majewski, et al.*, C.A. No. NC-2017-0379 to allow foreclosure. Because of this filing, a foreclosure sale scheduled for January 3, 2020 was cancelled. The 2019 petition was dismissed by the bankruptcy court on February 11, 2020 because the Debtor did not file any pleadings, schedules or statements of financial affairs following the Chapter 13 petition.

        d.        On August 17, 2021, Ms. Majewski filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island, 1:21-bk-10629. A copy of the docket is attached hereto as *Exhibit I*. Because of this filing, a foreclosure sale scheduled for August 19, 2021 was cancelled. The 2021 petition was dismissed by the bankruptcy court on September 23, 2021 for Ms. Majewski's failure to file any pleadings, schedules or statements of financial affairs following the Chapter 13 petition.

        e.        On May 22, 2022, Ms. Majewski filed another Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island, 1:22-bk-10331. A copy of the docket is attached hereto as *Exhibit J*. Because of this filing, a foreclosure sale scheduled for May 27, 2022 was cancelled. The 2022 petition was dismissed by the bankruptcy court on June 8, 2022 for Ms. Majewski's failure to file any pleadings, schedules or statement of financial affairs following the Chapter 13 petition.

        f.        On October 11, 2024, Ms. Majewski filed another Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island, 1:24-bk-10731. A copy of the docket is attached hereto as *Exhibit K*. This bankruptcy filing caused OMFG to cancel a foreclosure sale scheduled for October 11, 2024. The 2024 petition was dismissed by the bankruptcy court on November 20, 2024 for Ms. Majewski's failure to

file any pleadings, schedules or statement of financial affairs following the Chapter 13 petition.

7. Debtor's current petition was filed on January 17, 2025, less than two weeks before a foreclosure sale was scheduled for January 28, 2025.

8. The Account is now significantly in arrears. The Account is due for February 17, 2014. The estimated arrearage as of the date of this filing is 613,674.18[1].

9. Section 362 of the Bankruptcy Code allows this Court to grant relief from stay "for cause including lack of adequate protection of an interest in property" of the party seeking relief. 11 U.S.C. § 362(d)(1).

10. Here, OMFG requests relief from the automatic stay pursuant to Section 362(d)(1) for cause based on the Debtor's bad faith in repeated bankruptcy filings to avoid foreclosure so that it may pursue its state law rights against the Property.

11. For *in rem* relief, Section 362(d) of the Bankruptcy Code further provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>> (4) with respect to a stay or an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>>
>>> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or credit approval; or
>>>
>>> (B) multiple bankruptcy filings affecting such real property.

---

[1] OFMG has incurred additional fees, by and through its counsel, in defense of this matter.

12. Courts reviewing requests for *in rem* relief under Section 362(d)(4)(B) have defined and described a scheme as the "intentional artful plot or plan to delay, hinder [or] defraud creditors." *In re Hudgens*, 662 B.R. 250, 233 (Bankr. D.S.C. 2021) (quoting *In re Moss*, 625 B.R. 305, 307 (Bankr. D. S.C. 2021). For example, In *In re Hudgens*, 662 B.R. at 255, the Bankruptcy Court granted a mortgage lender *in rem* relief from stay because the Court's records indicated that that the debtor had filed 5 separate Chapter 13 bankruptcy petitions and that his spouse filed a 6th petition, all of which were done on the eve of a foreclosure sale and were thereafter dismissed for administrative reasons. *Id.* at 252-53. In the opinion of the Court, "[t]he unsuccessful bankruptcy filings by Hudgens and codebtor since 2021 that repeatedly ceased foreclosure proceedings, with no demonstrated change in circumstances, would be enough to warrant *in rem* relief. A deeper review of prior filings listed on the bankruptcy schedules and found in the Court's records leave no doubt that the filing of this petition was part a scheme to delay, hinder, or defraud creditors involving multiple bankruptcy filings affecting the Property." *Id.*

13. Records from the United States Bankruptcy Court for the District of Rhode Island demonstrate that cause exists to grant *in rem* relief under Section 362(d)(4)(B). The Debtor and Ms. Majewski have filed 6 separate bankruptcy petitions (5 Chapter 13 and 1 Chapter 7) in the Rhode Island federal court to obtain an automatic stay and to stall, hinder and delay a foreclosure sale scheduled for the Property. Moreover, the docket for each of these bankruptcy petitions demonstrates that the case was dismissed shortly after filing because the Debtor and Ms. Majewski did not file submit any filings for purposes of a reorganization under Chapter 13 or a discharge under Chapter 7. The only purpose for each of these petitions was to force the Debtor's mortgage lender to cancel a foreclosure sale. The Debtor and Ms. Majewski's conduct demonstrate bad faith and a scheme to hinder, delay or defraud OMFG form enforcing their rights under the Mortgage.

14. The Debtor's current pursuit of Chapter 13 relief in this Court is a further effort to delay OMFG's foreclosure of the Property. The Debtor has now turned to the United States Bankruptcy Court for the District of South Carolina with this most recent petition. In addition, the Debtor has elected to file this petition under the name "Lawrence Majewski" despite filing prior bankruptcy petitions and signing legal documents, such as the Mortgage and Account as Larry Majewski. The fact that Debtor has chosen to file outside the State of Rhode Island and has used a different name only bolsters proof of an ongoing effort to delay and hinder foreclosure in bad faith.

15. The current bankruptcy petition has not been filed by the Debtor to make a legitimate effort to reorganize his financial affairs, but rather to continue to stall OMFG's foreclosure activity in Rhode Island state court.

16. The Debtor is in breach of the of the terms of the Account and Mortgage by failing to make necessary payments and is now contractually due for February 17, 2014.

17. Based on the foregoing, OMFG respectfully requests that this Court grant it relief by entry of an order vacating the automatic stay pursuant to 11 U.S.C. §362(d)(1) and §362(d)(4) in light of the prejudice that has been caused by the Debtor and Ms. Majewski's serial bankruptcy filings.

**WHEREFORE**, One Main Financial Group, LLC respectfully requests that the Court enter an Order providing the following relief:

(a) the stay is not in effect in this case;

(b) the filing of the instant case is part of a scheme to delay, hinder or defraud OMFG that involved multiple bankruptcy filings affecting such real property, as prohibited by 11 U.S.C. § 362(d)(4)(B);

(c) if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under Title 11, United States Code, purporting to affect such real property filed not later than 2 years after the date of the entry of this order;

(d) the automatic stay be terminated pursuant to section 362(d) of the Bankruptcy Code so that OMFG may protect, exercise and enforce its rights pursuant to the Account and Mortgage;

(e) Fed. R. Bankr. P. 4001(a)(3) does not apply in this case so that there is no 14-day delay on an order granting relief from the automatic stay, if no objection to such requested waiver is timely filed; and

(f) OMFG have such other relief as the Court deems necessary and just.

Respectfully submitted,

OneMain Financial Group, LLC

By: Its Attorneys

*/s/ Siobhan Grant*
Siobhan Grant (I.D. 14044)
HINSHAW & CULBERTSON LLP
2811 Ponce de Leon Blvd.
Suite 1000, 10th Floor
Coral Gables, FL 33134
305-428-5118
305-577-1063  (facsimile)
sgrant@hinshawlaw.com

Dated:       January 27, 2025

8

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA (CHARLESTON)

| Lawrence Majewski, | Chapter 13 |
|---|---|
| Debtor. | Case No. 25-00204 |

## CERTIFICATE OF SERVICE

I, Siobhan Grant, do hereby certify that on January 27, 2025, I filed through the Court's ECF system **OneMain Financial Group, LLC's Motion for Relief from Stay and for *in Rem* Relief.** A copy was served through the Court's ECF system on registered participating as identified on the Notice of Electronic filing (NEF) and on the attached service list by mailing a copy of same by First Class mail, postage prepaid.

Respectfully submitted,

One Main Financial Group, LLC

By: Its Attorneys

/s/ *Siobhan Grant*
Siobhan Grant (I.D. 14044)
HINSHAW & CULBERTSON LLP
2811 Ponce de Leon Blvd.
Suite 1000, 10th Floor
Coral Gables, FL 33134
305-428-5118
305-577-1063  (facsimile)
sgrant@hinshawlaw.com

Dated:    January 27, 2025

9

55043\323617365.v1

```
Label Matrix for local noticing          J. Bratton Davis United States          James M. Wyman
0420-2                                   Bankruptcy Courthouse                   PO Box 997
Case 25-00204-jd                         1100 Laurel Street                      Mount Pleasant, SC 29465-0997
District of South Carolina               Columbia, SC 29201-2423
Charleston
Fri Jan 24 10:55:58 EST 2025

Lawrence Majewski                        US Trustee's Office
2090 Country Manor Dr.                   Strom Thurmond Federal Building
Mt. Pleasant, SC 29466-7411              1835 Assembly Street
                                         Suite 953
                                         Columbia, SC 29201-2448
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Sps Financial                         End of Label Matrix
                                         Mailable recipients    4
                                         Bypassed recipients    1
                                         Total                  5
```