UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>LAWRENCE MAJEWSKI<br><br>Debtor | Bankruptcy Case No. 25-00204-JD<br><br>ORDER OF DISMISSAL UNDER<br>11 U.S.C. §521(i)(2) AND<br>RULE TO SHOW CAUSE<br>Chapter 13 |

This matter comes before the Court upon the Chapter 13 Trustee's request for order confirming the dismissal of the case, pursuant to 11 U.S.C. §521(i)(2).

A review of the record verifies that the following schedules required under 11 U.S.C. §521(a)(1) were not filed:

**Schedules E/F, G, H, and J,**

**Statement of Current Monthly Income**

Further, the following documents were filed with the Voluntary Petition on January 17, 2025 (ECF No 1), but were incomplete or contain misstatements or errors, so that the documents as filed do not meet the requirements of 11 U.S.C. §521(a)(1):

**Schedules A/B:**

1. Debtor checked the box at Part 1, #1, that he has no interest in real property, but the Debtor has a recorded interest in real property at Pope Road, Newport, Rhode Island.

2. Debtor checked the box at Part 2, #2, that he has a vehicle, but discloses no information about that vehicle. Charleston county records show the Debtor has a vehicle (2011 Land Rover LR4) titled in SC, which the Debtor did not disclose.

3. Debtor checked the box at Part 4, #10, that he has no cash

4. The remainder of this schedule is blank.

5. The total value of his assets is listed as $0, which conflicts with the assertion that he has a car, if no other assets.

**Schedule D:**  lists only "Sps Financial," no address, no claim information.

**Schedule I:**  Debtor checks that he is not employed, lists $0 income from any sources, but does not provide information about his non- filing spouse.

**Statement of Financial Affairs:**  Debtor answered #1, that he is married, and #6 that he has primarily consumer debts, but the rest of the Statement is blank.

In addition, the following raise concerns to the Court:

The Debtor was required to file a **Chapter 13 Plan** and **Schedule C** by February 4, 2025. These documents were not filed and no extension of time has been requested to file these documents.

In the **Voluntary Petition** there are misstatements:

1. Part 1, #2, Debtor does not disclose the alias Larry Majewski, used to file a case in Rhode Island using the same social security number provided to the Court in the above case.

2. Part 2, #9, that the Debtor has not filed for bankruptcy within the last 8 years. The Debtor filed in Rhode Island in Dec 2019 -case number 1:19-bk-11951

3. Part 5, #15, Debtor asserts that "I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion."  The certificate of credit counseling filed February 5, 2025 (ECF No 22) shows a briefing was obtained 19 days after filing, on February 5, 2025.

The Debtor has failed to provide his most recently filed **tax returns** to the Trustee not later than 7 days before the date first set for the first meeting of creditors as required under 11 U.S.C. §521(e)(2)(A).  The date first set for the first meeting of creditors was March 4, 2025, so that the returns were due by February 25, 2025.  The returns were not provided.

    The Debtor was required to commence payments not later than 30 days after the filing of the Petition, or February 16, 2025, pursuant to 11 U.S.C. §1326(a)(1), but has not commenced the payments and has not filed a plan to propose a payment amount.

    The Debtor has sworn under penalty of perjury on Schedule I (ECF No 1) that he receives no income from any source, which, if accurate, would mean that he is not an individual with regular income, and therefore not permitted to be a debtor under chapter 13, pursuant to 11 U.S.C. 109(e).

    For the reasons stated above, the Court finds that the information required by 11 U.S.C. §521(a)(1) has not been provided, in the schedules and statements not filed, and in the schedules and statements that were filed. In addition, sufficient cause exists for the Court to retain jurisdiction to determine if sanctions should be imposed.

    NOW, THEREFORE, upon good cause shown,

    IT IS HEREBY ORDERED:

    1.    The above case is dismissed pursuant to 11 U.S.C. §521(i)(2). The dismissal is effective from the 46th day after the date of filing the petition, March 4, 2025.

    2.    Due to the concerns raised above, the failure of the Debtor to take actions in proper prosecution of the case, and the history of filings, the Court retains jurisdiction pursuant to 11 U.S.C. §349(a) to determine the following:

    a.    Whether the Debtor's actions or inactions warrant the dismissal of the case with prejudice, to bar a refiling under any chapter of the Bankruptcy Code for a period of two (2) years.

    b.    Unless the matter has been fully adjudicated prior to the hearing set below, whether the *in rem* stay relief requested by OneMain Financial Group by Motion January 27,

2025 (ECF No 13) should be granted, based upon the assertions that the Debtor and his non-filing spouse have filed seven (7) cases, including the above case, five (5) by Ms Majewski and two (2) the Debtor, to stop foreclosure on the property in Rhode Island, with all cases dismissed by orders which indicate a lack of intent to appear before a bankruptcy court in proper prosecution of the cases.

3. **The Debtor shall appear before the court at the date, time and place set forth below, to show cause why the Order of dismissal of this case should not be amended to prohibit the Debtor from filing another case under any chapter of the Bankruptcy Code, in any jurisdiction, for a period of two (2) years, and why additional relief as stated above, and other sanctions as may be determined by the Court, should not be imposed:**

DATE:       April 2, 2025

TIME:       10:30 a.m.

PLACE:      United States Bankruptcy Court, J. Bratton Davis United States Bankruptcy Courthouse, 1100 Laurel Street, Columbia South Carolina.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**03/04/2025**



Entered: 03/04/2025

*S. Jefferson Davis IV*
US Bankruptcy Judge
District of South Carolina