# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| Lawrence Majewski, | Case No. 25-00204-JD |
| Debtor. | ORDER GRANTING RELIEF |

THIS MATTER came before the Court on a motion ("Motion") from OneMain Financial Group, LLC ("OMFG"), seeking relief from the Automatic Stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(4)(B), against Mr. Lawrence Majewski ("Debtor").[1]  The Court held a hearing on February 26, 2025, whereby OMFG was represented by counsel and Debtor failed to appear.  On the record, the Court granted OMFG's request for relief pursuant to 11 U.S.C. § 362(d)(4)(B).[2]

## BACKGROUND

On September 24, 2004, Debtor and his wife, Shannon Majewski ("Wife"), entered into a Home Equity Line of Credit Agreement ("HELOC") with OMFG's predecessor-in-interest for an original balance of $320,000.00.  The HELOC was secured by a mortgage on Debtor and Wife's real property located at 75 Pope Street, Newport, Rhode Island, 02840 ("Property"). The mortgage is dated September 24, 2004, and is recorded in the Land Evidence Records for the City of Newport, Rhode Island at Book 1544, Page 1.  The mortgage was properly assigned to OMFG and is recorded in the Land Evidence Records for the City of Newport, Rhode Island at Book 3182, Page 204.  Debtor defaulted on the HELOC in February 2014, resulting in a foreclosure action on

---

[1] ECF No. 13. OMFG subsequently filed an Amended Notice of Hearing for Relief Under the Motion. *See* ECf No. 16.

[2] This case was subsequently dismissed for Debtor's failure to file documents.  ECF No. 61.  The Court has set a Rule to Show Cause to show cause why dismissal should not be with prejudice. ECF. No. 62.

the Property (*One Main Financial Services, Inc. v. Larry J. Majewski and Shannon R. Majewski, et al.*, C.A. No. NC-2017-0379).  On October 30, 2018, the State of Rhode Island Superior Court entered an order allowing for the foreclosure of the Property to commence.

OMFG or its predecessor-in-interest has attempted to foreclose on the Property since the entry of the October 30, 2018, order.  Below is a list of the foreclosure dates with the corresponding bankruptcy filings by Debtor and Wife:

1. Foreclosure sale scheduled for May 2, 2019. On May 1, 2019, Wife filed a Chapter 13 petition in the United States Bankruptcy Court for the District of Rhode Island (1:19-bk-10718).  Case dismissed on July 8, 2019, based on an objection to the proposed Chapter 13 Plan.

2. Foreclosure sale scheduled for October 7, 2019. On October 3, 2019, Wife filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island (1:19-bk-11556).  Case dismissed on October 17, 2019, for failure to file required schedules and pleadings.

3. Foreclosure sale scheduled for January 3, 2020. On December 31, 2019, Debtor filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island (1:19-bk-11951).  Case dismissed on February 11, 2020, for failure to file any pleadings, schedules, or required statements.

4. Foreclosure sale scheduled for August 19, 2021. On August 17, 2021, Wife filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island (1:21-bk-10629).  Case dismissed on September 23, 2021, for failure to file any pleadings, schedules, or required statements.

5. Foreclosure sale scheduled for May 27, 2022. On May 25, 2022, Wife filed a Chapter

   13 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island (1:22-bk-10331). Case dismissed on June 8, 2022, for failure to file any pleadings, schedules, or required statements.

6. Foreclosure sale scheduled for October 11, 2024. Wife filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island (1:24-bk-10731). Case dismissed on November 20, 2024, for failure to file any pleadings, schedules, or required statements.

7. Here, a foreclosure sale was scheduled for January 28, 2025. On January 17, 2025, Debtor filed this Chapter 13 case.

This case marks the 7th attempt by Debtor and Wife collectively to prevent the foreclosure of the Property. The HELOC is due for February 2014 and is currently in arrears of more than $613,674.18.

Debtor's current Chapter 13 case was dismissed under 11 U.S.C. § 521(i) for failure to file required documents. On Schedules A/B, Debtor indicated that he had no interest in any real property, despite this Motion regarding the Property, and failed to disclose the total value of his assets including a vehicle titled in South Carolina. Debtor failed to file Schedules E/F, G, H, and J, as well as Pay Advises and a Statement of Current Monthly Income, all of which are required under § 521(a)(1). The remaining documents filed by Debtor contain several misrepresentations or misstatements, including listing his income as $0 from any sources, stating that he had not filed bankruptcy within the last eight (8) years, and failing to disclose that he previously used the alias of "Larry Majewski" to file a bankruptcy case. Additionally, Debtor asserted in his Voluntary Petition that he completed the required credit counseling course pre-petition, however the certificate of credit counseling reflects that it was obtained nineteen (19) days post-petition.

## LEGAL STANDARD

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, this matter is a core proceeding pursuant to § 157(b)(2)(G), and the Court may enter a final order. Section 362 of the Bankruptcy Code allows this Court to grant relief from stay "for cause, including lack of adequate protection of an interest in property" of the party seeking relief. 11 U.S.C. § 362(d)(1). For *in rem* relief, Section 362(d) of the Bankruptcy Code further provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (4) with respect to a stay or an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
> >
> > > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or credit approval; or
> > >
> > > (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

11 U.S.C. § 362(d)(4). Courts reviewing requests for *in rem* relief under Section 362(d)(4)(B) have defined and described a scheme as the "intentional artful plot or plan to delay, hinder [or] defraud creditors." *In re Hudgens*, 662 B.R. 250, 255 (Bankr. D.S.C. 2024) (quoting *In re Moss*, 625 B.R. 305, 307 (Bankr. D. S.C. 2021)). "In determining whether a debtor acted in bad faith to

warrant *in rem* relief, the Court also considers: '(1) strategic filing of bankruptcy petitions to prevent collection; (2) multiple petitions by multiple parties to protect common property; (3) lack of evidence of changed circumstances between filings; and (4) inability to fund a plan.'" *Moss*, 625 B.R. at 307 (quoting *In re Henderson*, 395 B.R. 893, 901 (Bankr. D.S.C. 2008)). "The creditor bears the initial burden of showing cause for relief from the stay exists under § 362(d)(4)." *Id*. "Upon such a showing, the burden shifts to the debtor to demonstrate the filing of the petition was not part of a scheme to delay, hinder, or defraud the creditor." *Id*. (citing 11 U.S.C. § 362(g); *Henderson*, 395 B.R. at 898).

## CONCLUSIONS OF LAW

The record before the Court indicates that *in rem* relief pursuant to 11 U.S.C. § 362(d)(4)(B) is necessary and appropriate regarding the Property. OMFG is the holder of the HELOC and its claim against Debtor is secured by the mortgage on the Property. OMFG has an order from a Rhode Island state court granting it the right to foreclose on the Property due to lack of payment on the HELOC. Debtor and Wife have now filed seven (7) unsuccessful bankruptcies since May 2019, each filing taking place mere days prior to a scheduled foreclosure of the Property. No evidence has been presented by Debtor to reflect a change in circumstances between the filings and it appears from Debtor's schedules that he has no income and therefore would be unable to fund a Chapter 13 plan. At the time of the hearing, Debtor was facing automatic dismissal of his case because he has failed to file required documents, failed to request extensions, asserted misrepresentations in the documents he did file, and failed to propose a Chapter 13 plan. Based on a thorough review of the pleadings herein, the prior unsuccessful bankruptcy filings, and the lack of a meaningful effort to make this Chapter 13 effort successful, it is clear that the filing of

this petition was part of a scheme to delay, hinder, or defraud OMFG by involving multiple bankruptcy filings affecting the Property.

    IT IS, THEREFORE, ORDERED THAT:

1. Pursuant to 11 U.S.C. § 362(d)(4)(B), *in rem* relief from the automatic stay is granted to OneMain Financial Group, LLC, any successors and/or assigns, with respect to the Property located at 75 Pope Street, Newport, Rhode Island, 02840;

2. If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this Order shall be binding in any other case filed under the Bankruptcy Code purporting to affect 75 Pope Street, Newport, Rhode Island, 02840, filed not later than two (2) years after the date of the entry of this Order.

    **IT IS SO ORDERED.**

**FILED BY THE COURT**
**03/12/2025**



*S. Jefferson Davis IV*
US Bankruptcy Judge
District of South Carolina

Entered: 03/12/2025